IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TED SHARPENTER, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LANDAUER, INC., WILLIAM G. DEMPSEY, MICHAEL P. KAMINSKI, DAVID E. MEADOR, THOMAS M. WHITE, STEPHEN C. MITCHELL, JEFFREY A. STRONG, MICHAEL T. LEATHERMAN, JEFFREY ALLEN BAILEY, TERI G. FONTENOT, FRANK B. MODRUSON, FORTIVE CORPORATION, and FERN MERGER SUB INC.,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  This action stems from a proposed transaction announced on September 6, 2017 (the "Proposed Transaction"), pursuant to which Landauer, Inc. ("Landauer" or the "Company") will be acquired by Fortive Corporation ("Parent") and its indirect, wholly-owned subsidiary, Fern Merger Sub Inc. ("Merger Sub," and together with Parent, "Fortive").

2.  On September 6, 2017, Landauer's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Fortive. Pursuant to the terms of the Merger Agreement, Merger

Sub launched a tender offer (the "Tender Offer") to acquire all of the Company's common stock for $67.25 per share in cash. The Tender Offer is scheduled to expire on October 18, 2017. Following the consummation of the Tender Offer and the satisfaction or waiver of certain conditions, Merger Sub will be merged with and into the Company (the "Merger"), and the Company will be the surviving corporation.

3.  On September 20, 2017, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.  The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6.  This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.  Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## **PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Landauer common stock.

9. Defendant Landauer is a Delaware corporation and maintains its principal executive offices at 2 Sciences Road, Glenwood, Illinois 60425. Landauer's common stock is traded on the NYSE under the ticker symbol "LDR."

10. Defendant Michael P. Kaminski ("Kaminski") is a director, President, and Chief Executive Officer ("CEO") of Landauer.

11. Defendant William G. Dempsey ("Dempsey") is a director of Landauer.

12. Defendant David E. Meador ("Meador") is a director of Landauer.

13. Defendant Thomas M. White ("White") is a director of Landauer.

14. Defendant Stephen C. Mitchell ("Mitchell") is a director of Landauer.

15. Defendant Jeffrey A. Strong ("Strong") is a director of Landauer.

16. Defendant Michael T. Leatherman ("Leatherman") is a director of Landauer.

17. Defendant Jeffrey Allen Bailey ("Bailey") is a director of Landauer.

18. Defendant Teri G. Fontenot ("Fontenot") is a director of Landauer.

19. Defendant Frank B. Modruson ("Modruson") is a director of Landauer.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22. Defendant Merger Sub is a Delaware corporation, an indirect, wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## **CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Landauer (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

24. This action is properly maintainable as a class action.

25. The Class is so numerous that joinder of all members is impracticable. As of September 1, 2017, there were 9,810,109 shares Landauer common stock issued and outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

26. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

27. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

28. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

29. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company*

30. Landauer is a leading global provider of technical and analytical services to determine occupational and environmental radiation exposure and the leading domestic provider of outsourced medical physics services. The Company is organized into three reportable business segments: Radiation Measurement, Medical Physics, and Medical Products, which the Company divested in May 2016.

31. Landauer's Radiation Measurement segment has been the Company's core business for over 60 years. The Company has provided complete radiation dosimetry services to hospitals, medical and dental offices, universities, national laboratories, nuclear facilities, and other industries in which radiation poses a potential threat to employees. Landauer's services include the manufacture of various types of radiation detection monitors, the distribution and collection of the monitors to and from customers, and the analysis and reporting of exposure findings. These services are provided to approximately 1.8 million individuals globally. In addition to providing analytical services, the Company may sell dosimetry detectors and reading equipment to large customers that want to manage their own dosimetry programs, or into smaller international markets in which it is not economical to establish a direct service.

32. The Company's Medical Physics services are provided through its Landauer Medical Physics ("LMP") division. The Company uses LMP as a platform to expand into the medical physics services market, serving domestic hospitals, radiation therapy centers and

imaging centers. LMP is the leading nationwide service provider of clinical physics support, equipment commissioning and accreditation support and imaging equipment testing. Clinical physics support is provided by medical physicists, who individually focus on either imaging or therapeutic medical physics. Imaging physicists are concerned primarily with the radiation delivered by imaging equipment, image quality and compliance with safe practices in nuclear pharmacies.

33. The Company's Medical Products business, which was divested in May 2016, was a provider of high quality medical consumable accessories used in radiology, radiation therapy, and image guided surgical procedures. Medical products ranged from consumables used with magnetic resonance imaging, computed tomography, and mammography technologies to highly engineered passive reflective markers used during image guided surgical procedures.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

34. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

35. The Solicitation Statement omits material information regarding the Proposed Transaction, which renders the Solicitation Statement false and misleading.

36. First, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. With respect to Lazard's Precedent Transactions Analysis, the Solicitation Statement fails to, but must, disclose the individual last twelve months ("LTM")

EBITDA multiples for each of the transactions observed by Lazard in its analysis.

38. With respect to Lazard's Discounted Cash Flow Analysis, the Solicitation Statement fails to, but must, disclose the specific inputs and assumptions underlying the discount rate range of 8.75% to 9.75% used by Lazard in its analysis.

39. The omission of this material information renders the "Opinion of Lazard Frères & Co. LLC" section of the Solicitation Statement false and misleading.

40. Second, the Solicitation Statement fails to disclose material information relating to potential conflicts of interest of Lazard. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

41. Specifically, the Solicitation Statement fails to disclose whether Lazard has provided Fortive or its affiliates any services within the past three years, and if so, the Solicitation Statement must disclose the nature and timing of those services, as well as the amount of compensation Lazard earned for those services.

42. The omission of this material information renders the "Background and Reasons for the Board's Recommendation" section of the Solicitation Statement false and misleading.

43. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Landauer's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made,

in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

46. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

47. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

48. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

49. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

50. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

51. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

52. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

53. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

54. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

57. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

58. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

59. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

60. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

9

61. Plaintiff and the Class have no adequate remedy at law.

**COUNT III**

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants, Parent, and Merger Sub)**

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63. The Individual Defendants, Parent, and Merger Sub acted as controlling persons of Landauer within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Landauer and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

64. Each of the Individual Defendants, Parent, and Merger Sub was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

66. Parent and Merger Sub also had direct supervisory control over the composition

10

of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

67. By virtue of the foregoing, the Individual Defendants, Parent, and Merger Sub violated Section 20(a) of the 1934 Act.

68. As set forth above, the Individual Defendants, Parent, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

69. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

70. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: September 25, 2017            **RIGRODSKY & LONG, P.A.**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
Gina M. Serra (#5387)
2 Righter Parkway, Suite 120
**OF COUNSEL:**                      Wilmington, DE 19803
Telephone: (302) 295-5310
**RM LAW, P.C.**                     Facsimile: (302) 654-7530
Richard A. Maniskas                Email: bdl@rl-legal.com
1055 Westlakes Drive, Suite 300     Email: gms@rl-legal.com
Berwyn, PA 19312
Telephone: (484) 324-6800           *Attorneys for Plaintiff*